Dear Mr. Berry:
In response to your opinion request of recent date, note the Dual Officeholding and Dual Employment laws of this state, LSA-R.S.42:61, et seq., contain prohibitions against the simultaneous holding of certain offices. In pertinent part, the law provides in LSA-R.S. 42:63(D):
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
It is permissible for you to hold the local elective office of police juror while holding full time employment with the municipality because the positions fall within separate political subdivisions. It would not be permissible for you to hold the local elective office of police juror while holding the full time appointive municipal office as the first sentence of LSA-R.S.42:63(D) quoted above clearly prohibits such an arrangement. It would be permissible, however, for you to hold the local elective office of police juror and a part time appointive office. It is unclear into which category, i.e. full time or part time, the appointed position referenced in your request should be placed. We provide for your clarification the definitional section of LSA-R.S. 42:62, which states:
 (1) `Elective office' means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances or any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) `Appointive office' means any office in any branch of government or other agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically authorized by the constitution or laws of this state or by the charter or ordinances or any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or a political subdivision thereof.
 (3) `Employment' means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) `Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) `Part time' means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
* * * * *
 (9) `Political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Should you have any other inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ______________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: June 18, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL